## Case No. 3,096.

CONE v. MORGAN ENVELOPE CO. SAME v. WHITING PAPER CO. SAME v. POWERS.

[4 Ban. & A. 107;[1] Fent. Pat. 63.]

Circuit Court, D. Massachusetts. Jan., 1879.

PATENTS—"RULED PAPER"—VALIDITY—INVENTION.

1. Embossed lines on writing paper being old, and ogee lines embossed on paper being also old, the mere change of the spaces of the ogee lines, so that they might be used for writing paper, does not constitute invention.

2. Mechanical and design patents, distinguished.

3. Letters patent No. 158,249, granted to Henry D. Cone, December 29th, 1874, for ruled paper, held invalid.

[In equity. Bills by Henry D. Cone against the Morgan Envelope Company, by same against the Whiting Paper Company, and by same against Lewis J. Powers, to restrain infringement of patent.]

Causten Browne and Chas. F. Blake, for complainant.

J. P. Buckland and A. K. P. Joy, for defendants.

LOWELL, Circuit Judge. The case numbered last upon the docket is named first, because most of the evidence was taken in that case, though all three were argued together.

It appears by the bill that the plaintiff, Cone, took out two patents; one for a new article of writing paper, and the other for an improvement in the method of making the paper. The plaintiff proceeded against the Morgan Envelope Company upon both of his patents, and, a demurrer for multifariousness having been interposed, he amended his bill, giving in evidence only patent No. 158,249, dated December 29, 1874, in which the claim is: "As a new article of manufacture, writing-paper whereof the lines are embossed by or with an ogee pattern, which exposes a like face on opposite sides."

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

In amending, the charge of infringement was changed, and now reads as follows: "But that the respondent, the Morgan Envelope Company, in violation of your orator's rights, has manufactured and sold to others large quantities of paper like that secured to your orator in and by his said letters patent of December 29, 1874, No. 158,249, which manufacture of said paper was by the use of the invention secured to your orator by his letters patent of February 10, 1874, No. 147,239." This second patent having been left out of the case, the defendants object that it is impossible for the court to decide whether they have infringed or not, within the allegation of the bill. The plaintiff contends that the charge includes both patents, jointly and severally, and that he may prove an infringement of either, as well as of both. It appears to me that the allegation is, that the paper which has been made and sold was made by the patented method. It is analogous to the case in which it appeared that the patentee had discovered a new kind of oil and a new way of making it, and the courts expressed the opinion that he might have claimed both; yet, his claim being for "the above-described new manufacture of deodorized heavy hydrocarbon oils * * * by treating them substantially as hereinbefore described," they decided that he had not claimed the new article, as distinct from the mode of its preparation. Merrill v. Yeomans [Case No. 9,472], affirmed, 94 U. S. 568.

This objection, however, applies to only one of the three cases; and a decision of the merits will be necessary.

The "ogee" form of ruled paper described and claimed, means that there is embossed upon the surface an elevation and depression, which will be interchanged on the two sides (the embossing being, I suppose, made by a single operation), so that when cut, the transverse section will present the appearance or pattern known in architecture and other arts as an ogee pattern. The advantage of the paper itself is that it corresponds on both sides, and presents, on both, an elevation and an accompanying depression, which take the place of other forms of ruling.

Ink lines of various colors, to aid in writing, were, of course, old and well-known. It is proved that writing paper had been made before 1874 with several kinds of lines formed in or upon the substance of the paper. There was paper for writing, embossed upon one side, with a corresponding depression on the other. Wall papers, which might have been used for writing, had been embossed with an ogee pattern; but the ogee lines were so close together as to form a corrugated surface, and there was nothing in the mode of spacing of those papers to assist the eye or hand in writing.

In this state of the art, the first question is: Whether a patent can be sustained for a new article, independently of the means of making it, which has the ogee lines, at suitable distances, for aid in writing?

I am of opinion that such a patent cannot be sustained. Embossed lines on writing paper being old and well-known, and ogee lines embossed on paper being equally so, there was no room to claim invention for a distinct and new product, merely by changing the spaces of the ogee lines so that they might be used for writing paper. The utility was of the same kind as in the older products. Of late years the supreme and circuit courts have had many occasions to pronounce upon patents which claim a new product or article. Among these are some which resemble the case at bar: See Smith v. Nichols [Case No. 13,084], affirmed, 21 Wall. [88 U. S.] 112; Union Paper Collar Co. v. Van Deusen [Case No. 14,395,] affirmed, 23 Wall. [90 U. S] 530; Milligan Glue Co. v. Upton [Case No. 9,607]; Needham v. Washburn [Id. 10,082]; Brown v. Piper, 91 U. S. 37. In one of these cases, cited by the defendants, Mr. Justice Clifford says: "New articles of commerce are not patentable as new manufactures, unless it appears in the given case that the production of the new article involved the exercise of invention or discovery beyond what was necessary to construct the apparatus for its manufacture or production." [Union Paper Collar Co. v. Van Deusen] 23 Wall. [90 U. S.] 563. Paper having been ruled with ink on both sides, and with embossed lines on one side, it did not require invention to emboss it on both sides.

It was suggested in the argument for the defendants, that the plaintiff's paper came within section 4929 of the Revised Statutes, authorizing patents to be issued for designs, which mentions, among other things, any original impression or ornament to be printed, painted, cast, or otherwise placed on or worked into any article of manufacture. The plaintiff, admitting this as one possible view of the case, maintains that the patent which he already holds may answer as a patent for a design. Patents for designs are not granted for a uniform term of seventeen years like those for articles of manufacture, but for three years and six months, or seven years, or fourteen years, as the applicant may in his application elect. I do not know but this patentee might have elected a shorter term, which has now expired. A still more serious objection is that the rule of infringement is different in the two classes. A patent for a new article of manufacture is trespassed upon by an article having the same sort of utility arrived at by the same or similar means, whereas the test in a patent for a design is similarity to the eye. Gorham Co. v. White, 14 Wall. [81 U. S.] 511. It would, therefore, be unfair to the public, not only as respects the term of the patent, but the nature of the grant, to construe one sort of patent as being of the other sort; and I think it clear that the statute intends the

particular kind of grant to be set out in the deed.

For these reasons, the entry in all the cases must be: Bill dismissed with costs.